[L. A. Nos. 5055 and 5056. Department One.—December 12, 1917.]

In the Matter of the Estate of FREDERICK EMILE JEPSON, Deceased.

ESTATES OF DECEASED PERSONS—APPLICATION FOR HOMESTEAD—APPEAL FROM DISMISSAL OF CONTEST—DENIAL OF MOTION TO DISMISS APPEAL—RES ADJUDICATA.—Where the trial court dismissed the contest to the application of a widow for a probate homestead on the ground that the contestants were not heirs at law and not entitled to contest, and the supreme court on a motion to dismiss an appeal by contestants decided that they were next of kin and heirs, and therefore entitled to contest, it is unnecessary for the supreme court to consider the same question again on the disposition of the case on the merits, and the order of the trial court dismissing the contest must be set aside.

APPEALS from orders of the Superior Court of Los Angeles County. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Fred N. Arnoldy, and Stewart & Stewart, for Appellants.

Frank Stewart, and J. W. Howell, for Petitioner and Administratrix.

SHAW, J.—In this case the widow of the decedent applied to the court in probate to have set apart to her a homestead. The nephews and nieces of the decedent filed a contest to the application. The court below dismissed the contest on the ground that the nephews and nieces had no interest in the estate as heirs or otherwise, and thereupon made an order setting apart to the widow a homestead out of the property of the decedent.

From this order two appeals have been taken, one being an appeal from the part of the order setting apart the homestead, the other an appeal from the part of the order declaring that the nephews and nieces are not heirs at law of the decedent.

The decedent died intestate. A motion to dismiss these appeals was heretofore made in this court, based upon the ground that the nephews and nieces were not heirs and con-

sequently had no interest in the property of the decedent. Upon the decision of this motion the court held that the nephews and nieces, who were also the next of kin, were heirs, and were therefore entitled to present a contest to the application of the widow for a homestead. (*Estate of Jepson,* 174 Cal. 684, [164 Pac. 1].) The discussion of the subject in that case renders it unnecessary to state either the facts or the law in the disposition of the case on the merits. As the decision of the court below dismissing the contest, on the ground that the nephews and nieces were not heirs, was erroneous, it follows that the order must be sèt aside and the cause remanded for a new trial.

The order is reversed.

Sloss, J., and Lawlor, J., concurred.